|  |  |
|---|---|
|  | Hearing Date:  July 31, 2025 |
|  | Hearing Time:  2:30 PM |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

Misba Abdin

                              Debtor.

---------------------------------------------------------X

Case No.    1-25-42346-nhl
Chapter     13

### NOTICE OF MOTION FOR AN ORDER TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY CODE §362(d)(1) AND MODIFYING CO-DEBTOR STAY UNDER §1301

**PLEASE TAKE NOTICE** that NSL Special Assets LLC ("Movant") seeks relief from the automatic stay as to the property located at 89-10 158th Avenue a/k/a 8910 158th Avenue, Howard Beach, New York 11414 and 158th Avenue, Howard Beach, New York 11414 (the "Property"), and will move before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge in the United States Bankruptcy Court for the Eastern District of New York on **July 31, 2025 at 2:30 PM** (the "Hearing Date") or as soon thereafter as counsel may be heard for an Order:

1. Pursuant to Bankruptcy Rule 4001, 11 U.S.C.§§105(a) and 362(d)(1) granting Movant, its successors and/or assigns, relief from the automatic stay due to the Debtor's failure to provide Movant with adequate protection for its security; and

2. Granting relief from Co-Debtor stay as it applies to Farida Yeasmin and Shopno I, LLC pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C § 1301; and for such other and further relief as to this Court may seem just and proper; and

3. Granting Movant such other and further relief as is just and proper under the circumstances of this case.

1

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Movant seven (7) days prior to the Hearing Date.

**PLEASE TAKE FURTHER NOTICE** that as of May 16, 2024, all hearings before Judge Nancy Hershey Lord will be conducted solely using the Webex audio video platform, with the exception of trials and evidentiary hearings in connection with contested matters. Regarding the latter, the Court will be in direct communication with the parties with respect to scheduling.

All participants must register with eCourt Appearances (https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl) in advance of all telephonic and videoconference appearances. Those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number. The video link and/or telephone number will be provided by email 48 hours before the hearing date to all parties that register with eCourt Appearances, but those registering for hearings less than 48 hours in advance of the hearing should allow up to 15 minutes after registration to receive the email with the information.

Dated: Syosset, New York
June 18, 2025

**Margolin, Weinreb & Nierer, LLP**

By: */s/ Andrew Goldberg*
Andrew Goldberg, Esq.
Attorneys for Movant
575 Underhill Boulevard, Suite 224
Syosset, New York 11791
(516) 921-3838
andrew@nyfclaw.com

To:

<u>Debtor:</u>
Misba Abdin
8910 158th Avenue
Howard Beach, NY 11414

<u>Non-Filing Co-Debtor</u>
Farida Yeasmin
8910 158th Avenue
Howard Beach, NY 11414

<u>Non-Filing Co-Debtor</u>
Shopno I, LLC
8910 158th Avenue
Howard Beach, NY 11414

<u>Counsel for Debtor:</u>
Adam C Gomerman, Esq.
807 East Jericho Turnpike
Huntington Station, NY 11746

<u>Trustee:</u>
Krista M. Preuss, Chapter 13 Trustee
100 Jericho Quadrangle
Ste 127
Jericho, NY 11753

<u>US Trustee:</u>
Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408

Attn: Capital One Auto Finance, a division of Capital One, N.A. Department
AIS Portfolio Services, LLC
Account: XXXXXXXXX7410
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                           Case No.       1-25-42346-nhl

Misba Abdin                                    Chapter        13

                        Debtors.
-----------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF MOTION FOR AN ORDER TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY CODE §362(d)(1) AND MODIFYING THE CO-DEBTOR STAY UNDER BANKRUPTCY CODE §1301

        Andrew Goldberg, Esq., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1.     I am an attorney with Margolin, Weinreb & Nierer, LLP, attorneys for NSL Special Assets LLC (hereinafter the "Movant"), and as such am fully familiar with the facts and circumstances of this case.

2.     I make this Affirmation in Support of the Movant's motion for an Order (i) terminating the automatic stay with respect to the property located at 89-10 158th Avenue a/k/a 8910 158th Avenue, Howard Beach, New York 11414 and 158th Avenue, Howard Beach, New York 11414 (the "Property"); (ii) modifying co-debtor stay as to Farida Yeasmin and Shopno I, LLC pursuant to Bankruptcy Code §1301 and (iii) granting Movant such other relief as the Court deems just. A copy of the order the proposed order is attached as **Exhibit A**.

### Background

3.     Movant is the holder of a Note and Mortgage given by Non-Filing Co-Debtor Shopno I, LLC dated October 3, 2022, in the original principal amount of $1,850,000,00 (the "Note and Mortgage"). A copy of the Note and Mortgage are attached hereto as **Exhibit B**.

4.     The Note and Mortgage were executed by Debtor Misba Abdin as Managing Member of Shopno I, LLC. See **Exhibit B**.

5. A Guaranty of Payment was executed by Debtor Misba Abdin and Non-Filing Co-Debtor Farida Yeasmin on October 3, 2022. A copy of the Guaranty of Payment is attached hereto as **Exhibit B**.

6. All obligations of the Debtor and Non-Filing Co-Debtors under and with respect to the Note and the Mortgage are secured by the Property.

7. Movant is an entity entitled to enforce the Note.

8. Pursuant to the terms of the Note and Mortgage, the loan matured October 1, 2023. See **Exhibit B**.

9. All rights and remedies under the Mortgage have been assigned to Movant pursuant to those certain Assignments of Mortgage, copies of which are attached hereto as **Exhibit B**.

10. As the loan became delinquent, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings, on or about January 11, 2024 under Index No.: 700734/2024.

11. On or about October 22, 2024, a Judgment of Foreclosure and Sale was entered by the Hon. Ulysses B. Leverett, J.S.C. A copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit C**.

Cause Exists to Terminate the Stay under Bankruptcy Code §362(d)(1)

12. Bankruptcy Code §362(d)(1) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property...".

13. As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to the Movant. In *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y

1993), the Eastern District of New York held that "[s] debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay." The court in *In re Taylor* further held that once a mortgagee makes a prima facie showing of "cause" permitting lifting of the automatic stay based on the Chapter 13 debtor's failure to make mortgage payments, "it was incumbent upon [the debtor] to establish that the [mortgage's] interest in the property was adequately protected," and if the debtor fails to do so, the mortgage is entitled to relief from the automatic stay. *In re Taylor*, 151 B.R. at 648.

14.  According to the District Worksheet, the underlying Note matured on October 1, 2023 and the Debtor is due for the total debt in the amount of $2,377,404.13.  A copy of the District Worksheet is attached hereto as **Exhibit D.**

15.  To date, the Debtor has failed to provide adequate protection to Movant for the amounts due.

<u>Relief from Co-Debtor Stay</u>

16.  This Court should also grant the Movant relief from the Co-Debtor Stay as to the Non-Filing Co-Debtors Farida Yeasmin and Shopno I, LLC.  Section 1301(c)(3) of the Bankruptcy Code provides that, on request of a party-in-interest and after notice and hearing, the Court shall grant relief from the Co-Debtor Stay with respect to a creditor "to the extent that…such creditor's interest would be irreparably harmed by continuation of such stay." If the Court grants the Movant relief from the Automatic Stay but not to the Co-Debtor Stay, then the Movant will still not be permitted to take any and all action under applicable state law to exercise its remedies against the Property.  Thus, the continuation of the Co-Debtor Stay would irreparably harm the creditor's interest in the property.

**WHEREFORE**, it is respectfully requested that this Court enter an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the stay pursuant to Bankruptcy Code §362(d)(1) for the Debtor's failure to maintain current contractual payments, because the Movant is not adequately protected, because there is no equity in the Property; and the Property is not needed for an effective reorganization; and

2. An Order granting relief from Co-Debtor stay as it applies to Farida Yeasmin and Shopno I, LLC pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C. §1301; and

3. For such other relief as the Court deems proper.

Dated: Syosset, New York  **Margolin, Weinreb & Nierer, LLP**
      June 18, 2025

By:   /s/ Andrew Goldberg
      Andrew Goldberg, Esq.
      Attorneys for Movant
      575 Underhill Boulevard, Suite 224
      Syosset, New York 11791
      (516) 921-3838
      andrew@nyfclaw.com